UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAQUEL HERRERA ISIDORO, on behalf of himself, and
other similarly situated employees,

Plaintiff,

- against -

LA FONDA RESTAURANT AND TAPAS BAR INC.
(D/B/A LA FONDA BORICUA), DENISSE AYALA
GARCIA (A.K.A. DENISE AYALA) , and JORGE
AYALA,

Defendants.

Case No.: 18-cv-5066-RWS

**AFFIRMATION OF**
**LORENA P. DUARTE**

I, Lorena P. Duarte, Esq., hereby declare pursuant to 28 U.S.C. §1746:

1. I am an attorney admitted to practice, and in good standing, in this district.  I am associate attorney at Hang & Associates, PLLC, and lead counsel for the Defendants LA FONDA RESTAURANT AND TAPAS BAR INC. (D/B/A LA FONDA BORICUA), DENISSE AYALA GARCIA (A.K.A. DENISE AYALA), and JORGE AYALA ("Mr. Ayala") (collectively, "Defendants").

2. This case was initiated by the Plaintiffs on June 6, 2018.

3. Hang & Associates, PLLC was retained by Defendants on June 26, 2018. On July 3, 2018, I entered my Notice of Appearance on behalf of Defendants. Jian Hang, principal attorney of the firm, entered his Notice of Appearance on July 15, 2018.

4. Throughout the course of this litigation, Hang & Associates, PLLC have dutifully and fully represented all of the Defendants in this action to the best of its abilities and in accordance with this Court's rules, and generally accepted litigation practices.

5. Upon retaining this firm, Defendants paid an initial retainer to cover legal expenses for the beginning stages of this litigation.

6. As per our strategy in representing Defendants, I contacted Plaintiff's counsel to commence informal discovery in an attempt to settle the matter. The retainer fee was exhausted early in September. I contacted Mr. Ayala to authorize hourly billing going forward at our regular rates of $350 per hour for Jian Hang, Esq., the principal partner of our firm, and $300 per hour for the firm's associates. Mr. Ayala agreed as these were the terms explained and agreed to in our Engagement Agreement.

7. The Court referred this case to the Mediation Office for settlement purposes and a mediation session was scheduled. Documents required for purposes of mediation were produced to Plaintiffs.

8. On September 14, 2018, the parties attended the ordered mediation and engaged in a 6-hour mediation session and although progress was made, no settlement was reached.

9. Shortly thereafter, Defendants were mailed the attorney bill for work done in September for payment due by October 15, 2018. Defendants stated they would make payment as soon as possible. Defendants did not make such payment.

10. The Defendants were mailed their second attorney bill for work done in October for payment to be made by November 15, 2018. Defendants stated they would make payment as soon as possible. Defendants did not make such payment.

11. Nevertheless, counsel for Defendants have continued to litigate the case in good faith that payment will be made by Defendants, but Defendants have been unresponsive to any attempts to address the bill owed or to cooperate in the defense of their case.

12. Defendants made a small payment towards their bill, but an outstanding balance resulting from months of work remained. Counsel has made numerous attempts to contact Defendants via phone calls, texts messages and US mail to address the deficiency and discuss possible payment arrangements, but Defendants have been unresponsive.

13. Defendants were advised of our intention to withdraw as counsel on January 7, 2019, on February 12, 2019, February 22, 2019 and March 1, 2019 if we did not receive payment. As of date, Defendants have made no attempt to communicate with the firm or to make payment.

14. A second mediation was scheduled for March 5, 2019, but due to Defendants noncompliance and nonpayment, the mediation session was cancelled.

15. Defendants' refusal to pay legal fees in accordance with their current retainer arrangement alone warrants an order from this Court granting Hang & Associates, PLLC leave to withdraw as counsel.  *See* Local Civil Rule 1.4; *Police Officers for a Proper Promotional Process v. Port Auth. Of New York and New Jersey,* No. 11 Civ. 7478(LTS)(JFC), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012 (citation omitted) ("it is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463(CM)(GWG), 2009 WL 969925, at *2 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without renumeration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw.").

16. Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

"An attorney who has appeared as attorney of record for a party may be relieved or displaces…upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any on the calendar."

17. Accordingly, "[w]hen considering whether to grant a motion to withdraw, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. B. First Look Studios, Inc.,* No. 08 Civ. 6469 (DAB)(JCF)2011 WL 672245 at *1 (S.D.N.Y. Feb 17, 2011).

18. Under the standard set forth in *Blue Angel Films, id*., the withdrawal of Hang & Associates, PLLC as Defendants' counsel is based upon Defendants' unwillingness to pay and to cooperate with their defense of the case.

19. Defendants have ignored numerous attempts to collect our attorneys' fees. This satisfies the first prong of the *Blue Angel Films* test.

20. Defendants' unwillingness to cooperate in its representation satisfies the second prong of the *Blue Angel Films* test.

21. Further, the withdrawal of Hang & Associates, PLLC as counsel for Defendants will have minimal impact on the timing of the proceeding and will not be prejudicial against the Plaintiffs in any way.

22. Discovery is still ongoing. We received Plaintiff's first requests for interrogatories, document production, and admissions on November 20, 2018. We prepared drafts of Defendants' responses on November 26, 2018, which have not been sent due to Mr. Ayala's lack of cooperation. We served interrogatories and document requests on Plaintiff's counsel on December 4, 2018.

23. Where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of a counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips,* P.C., No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013); *Accord. Karimian v. Time Equities, Inc.*, No. 10 Civ. 3772 (AKH)(JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011).

For the foregoing reasons, I respectfully request that the Court grant Defendants' motion to withdraw as Counsel for Defendants.

Dated: Flushing, New York
       March 5, 2019

                                        */s/ Lorena P. Duarte*
                                        Lorena P. Duarte, Esq.