UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAQUEL HERRERA ISIDORO, individually :
and on behalf of all others similarly situated, :
                    Plaintiff, :
                              :
v. : **ORDER**
                              :
LA FONDA RESTAURANT AND TAPAS : 19 CV 5066 (VB)
BAR INC. (d/b/a LA FONDA BORICUA), :
DENISSE AYALA GARCIA, and JORGE :
AYALA, :
                    Defendants. :
--------------------------------------------------------------x

       On August 7, 2020, the parties in this Fair Labor Standards Act (FLSA) case filed a settlement agreement (Doc. #75-1 ("Settlement Agr't")) and plaintiff's counsel filed a statement explaining the basis for the agreement (Doc. #75), as required by <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).  In reviewing the proposed settlement agreement, the Court has considered the following factors:

       (i)      the risks and costs of continuing to litigate;

       (ii)     plaintiff is represented by counsel with experience in wage-and-hour litigation;

       (iii)    the settlement agreement does not contain a confidentiality provision;

       (iv)    the settlement agreement does not contain a non-disparagement clause;

       (v)     the release is limited to claims specifically relating to the instant litigation; and

       (vi)    the parties' desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation.

       However, the Court is concerned that plaintiff's counsel's letter does not address or includes the following:

       (i)      the parties' position as to the proper valuation of plaintiff's claims; and

       (ii)     the breakdown of amounts plaintiff is receiving relative to her total potential recovery under the FLSA, plus any amounts paid in exchange for a full release of plaintiff's other state law claims.

       Based on the foregoing, the Court is unable to approve the settlement agreement at this time.

In addition, plaintiff's counsel has requested that the Court retain jurisdiction to enforce the settlement agreement.  (See Doc. #75).  The Court declines to rule on whether it will retain jurisdiction without first hearing from defendants' counsel.  As further detailed below, defendants' counsel shall advise the Court on whether defendants consent to the Court retaining jurisdiction.

## CONCLUSION

The Court declines to approve the parties' settlement agreement at this time.  (Doc. #75-1).

By August 25, 2020, counsel shall file a joint letter respecting the settlement agreement. The letter shall address the deficiencies the Court has identified in its Order as well as whether the parties will revise the settlement agreement to address those deficiencies.  In addition, defendants' counsel shall advise on whether defendants consent to the Court retaining jurisdiction over the enforcement of the settlement agreement.

Dated: August 11, 2020
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

2