UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAQUEL HERRERA ISIDORO, individually :
and on behalf of all others similarly situated, :
               Plaintiff, :
       :
       :
v.                         :   **ORDER**
       :
LA FONDA RESTAURANT AND TAPAS    :   18
BAR INC. (d/b/a LA FONDA BORICUA), :   ~~19~~ CV 5066 (VB)
DENISSE AYALA GARCIA, and JORGE    :
AYALA,                       :
            Defendants. :
-----------------------------------------------------------x

On August 7, 2020, the parties in this Fair Labor Standards Act (FLSA) case filed a settlement agreement (Doc. #75-1 ("Settlement Agr't")) and plaintiff's counsel filed a statement explaining the basis for the agreement (Doc. #75), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

On August 11, 2020, the Court declined to approve the settlement agreement finding that the submission did not provide: (i) the parties' position as to the proper valuation of plaintiff's claims; and (ii) the breakdown of amounts plaintiff is receiving relative to her total potential recovery under the FLSA, plus any amounts paid in exchange for a full release of plaintiff's other state law claims. (Doc. #76).

Accordingly, the Court ordered the parties to file a joint letter respecting the settlement agreement. In addition, the Court ordered defendants' counsel to advise on whether defendants consent to the Court retaining jurisdiction over the enforcement of the settlement agreement.

On August 25, 2020, plaintiff's counsel provided a revised statement explaining the basis for the agreement. (Docs. ##77, 78). In its submission, plaintiff's counsel addressed the parties' position as to the proper valuation of plaintiff's claims and through an appended damages chart, provided a breakdown of amounts plaintiff is receiving relative to her total potential recovery under the FLSA, plus any amounts paid in exchange for a full release of plaintiff's other state law claims. (Doc. #78-2). Although no model of clarity, the submission complies with the Court's August 11 Order and addresses the deficiencies previously identified by the Court.

Accordingly, in reviewing the proposed settlement agreement, the Court has considered the following factors:

(i)     the risks and costs of continuing to litigate;

(ii)    plaintiff is represented by counsel with experience in wage-and-hour litigation;

(iii)    the settlement agreement does not contain a confidentiality provision;

(iv)    the settlement agreement does not contain a non-disparagement clause;

(v)    the release is limited to claims specifically relating to the instant litigation;

(vi)    the parties' desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation;

(vii)    the parties' position as to the proper valuation of plaintiff's claims; and

(viii)    the breakdown of amounts plaintiff is receiving relative to her total potential recovery under the FLSA, plus any amounts paid in exchange for a full release of plaintiff's other state law claims.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one third of the total recovery, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #75-1) is APPROVED.

The Court grants plaintiff's request that the Court retain jurisdiction for the purposes of enforcement of the settlement agreement.

The Clerk is instructed to close this case.

Dated:  August 26, 2020
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2