UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAQUEL HERRERA ISIDORO,                             :
                Plaintiff,              :
                                        :
v.                                                  :
                                                    :   **ORDER**
LA FONDA RESTAURANT AND TAPAS                       :
BAR INC. (d/b/a LA FONDA BORICUA),                  :   18 CV 5066 (VB)
DENISSE AYALA GARCIA (a/k/a DENISE                  :
AYALA), and JORGE AYALA,                            :
                Defendants.             :
--------------------------------------------------------------x

      On August 7, 2020, the parties in this Fair Labor Standards Act ("FLSA") case filed a settlement agreement. (Doc. #75-1). As part of the settlement agreement, each defendant executed an affidavit of confession of judgment (the "Affidavits") for the sum of $65,000, less any payments made pursuant to the agreement. (Id. § 1(a)). The agreement further provides the Affidavits would not be filed unless (i) defendants failed to make any payment due under the agreement; and (ii) defendants failed to cure any default within ten days of receipt of written notice sent by email to their counsel. (Id.).

      By Order dated August 26, 2020, the Court approved the settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Doc. #79). Additionally, the Court granted plaintiff's request that the Court retain jurisdiction for the purposes of enforcement of the settlement agreement. (Id.).

      On October 14, 2021, plaintiff requested entry of judgment based on the settlement agreement. (Doc. #80). Namely, plaintiff stated that defendants defaulted on all payments due to plaintiff, that notice was provided via email to defendants' counsel on October 13, 2020, and defendants never cured the default. (Doc. ##79, 82).

      On October 15, 2021, the Court issued an Order directing defendants to show cause in writing by October 22, 2021, why the requested relief should not be granted. (Doc. #81). Defendants, who are represented by counsel, did not respond.

      For the following reasons, the request for entry of judgment is GRANTED.

      A federal court may retain jurisdiction to enforce a settlement in a case after that case is dismissed. In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir. 2011). A settlement may be enforced by entry of judgment by confession if the federal court has subject matter jurisdiction over the action and the confessed judgment complies with applicable state law. See Alland v. Consumers Credit Corp., 476 F.2d 951, 954–55 (2d Cir. 1973).

      First, the Court retained jurisdiction to enforce the settlement in this case. (Doc. #79).

Second, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves FLSA claims.

Third, the Court finds the Affidavits comply with New York law, which governs pursuant to the choice-of-law provision in the settlement agreement. (Doc. #78-1, § 7).

Under New York law, "a judgment by confession may be entered . . . upon an affidavit executed by the defendant." C.P.L.R. § 3218(a). In cases when a money judgment is sought, the affidavit must (i) "stat[e] the sum for which judgment may be entered, authoriz[e] the entry of judgment, and stat[e] the county where the defendant resides"; and (ii) "stat[e] concisely the facts out of which the debt arose and show[] that the sum confessed is justly due or to become due." Id. § 3218(1)–(2).

The Affidavits satisfy these requirements. Each Affidavit states that a judgment may be entered for the sum of $65,000, less any payments made pursuant to the settlement agreement; authorizes the entry of judgment; states the county where the defendant resides; and states concisely the facts out of which the debt arose, namely, by reference to the settlement agreement.

The Court also finds the sum confessed in the Affidavits is justly due. Defendants have defaulted on payments due under the agreement, and they failed to cure their default following proper notice by plaintiff under the agreement. Moreover, the Court finds defendants made no payments pursuant to the settlement agreement, which means the total sum of $65,000 is justly due from each defendant.[1]

## CONCLUSION

For the foregoing reasons, the request for entry of judgment is GRANTED.

The Clerk is directed to enter Judgment in favor of plaintiff as against all defendants in the amount of $65,000.

Dated: November 4, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] Although the Affidavits provide for entry of judgment in the Supreme Court, New York County, the Court retained jurisdiction to enforce the agreement and judgment may be entered in this Court. See Sapon v. Hanbat Rest., Inc., 2021 WL 621170, at *2 (S.D.N.Y. Feb. 16, 2021).